IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>[1] HAROLIN MATEO-RIJOS<br><br>[2] FEDERICO CALCANO-PAYANO<br><br>[4] RAMON VALDEZ<br><br>[5] JEFFERSON ALCANTARA-MATOS<br><br>**Defendants** | CASE NO. 22-1368 (M) |

**ORDER**

  A Criminal Complaint was filed against Defendants on November 10, 2022. The Criminal Complaint and the affidavit filed in support allege that Defendants incurred in violations to 21 U.S.C. §§ 841(a)(1) and 846; possession, and conspiracy to possess, with intent to distribute five (5) kilograms or more of cocaine. On November 30, 2022, Defendants came before the Court for a Preliminary and Bail Hearing. At the conclusion of the hearing, the undersigned took the matter under advisement. For the reasons discussed below, the Court finds that the Government established probable cause that all four (4) Defendants violated 21 U.S.C. §§ 841(a)(1) and 846.

  A. Preliminary Hearing Standard

  Under Rule 5.1 of the Federal Rules of Criminal Procedure, a defendant charged with a felony is entitled to a preliminary hearing within fourteen (14) days after his initial appearance. "A preliminary hearing under Fed.R.Crim.P. 5.1 is narrow in scope. Its purpose is solely to test whether probable cause exists as to the offense charged. […] [P]robable cause may be found where there is a 'fair probability,' based on the totality of the circumstances, that a defendant committed the offense charged." United States v. Balestier-Sanches, 2014 WL 993551 * 1 (D.R.I.) (citing United States v. Mims, 812 F.2d 1068, 1072 (8th Cir.1987) and United States v. Gómez, 716 F.3d 1, 9 (1st Cir. 2013)).

  "The government's burden to establish probable cause at this preliminary stage is low." Id.; US v. Fontalvo, 2008 WL 1994817 (D.R.I.). The concept of probable cause is a matter of probabilities—not hard certainties—and the Court must consider such probabilities considering "factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Illinois v. Gates, 462 U.S. 212, 231 (1983) (quoting Brinegar v. United States, 338 U.S. 160, 175 (1949)). "Both circumstantial evidence and the reasonable inferences drawn from it can support a finding of probable cause." United States v. Balestier-Sanches, 2014 WL 993551 * 1 (citing United States v. Swope, 542 F.3d 609, 616 (8th Cir. 2008) and United States v. Hilario, 2009 WL 2913957 at * 1 (D.R.I.)).

1

B.     Probable Cause as to Defendants

The Government relied on the affidavit authored and duly sworn by Anibal J. Cardona, Special Agent of the U.S. Homeland Security Investigations, and on his testimony during the hearing.[1] On November 10, 2022, agents of Customs and Border Protection identified and intervened with a vessel occupied by six (6) citizens of the Dominican Republic. Special Agent Cardona testified that, per information obtained from agents involved in the intervention, the vessel was travelling in complete darkness and, upon approach by law enforcement, three (3) bales were thrown to the water. The bales were recovered by law enforcement almost immediately and were found to contain 67 bricks of cocaine. Special Agent Cardona identified the four (4) Defendants as persons who were on board the vessel. The Government presented photographs of the vessel, which was described as a 25-30 feet medium-size vessel, and the bales. And Special Agent Cardona testified that the area of the intervention is known for drug smuggling transactions.

Pursuant to the low threshold required from the Government at this stage, I find that there is probable cause that Defendants violated 21 U.S.C. §§ 841(a)(i) and 846. Given the size of the vessel, it is reasonable to conclude that anything that happened on the vessel would have been in plain view of the Defendants on board. It is also reasonable to conclude that, at the very least, Defendants saw the three (3) bales and may have participated in throwing the bales from the vessel once law enforcement approached. Further, given the amount recovered—67 bricks of cocaine—it is only a short step to conclude that Defendants possessed the controlled substances in the vessel with intent to distribute. See United States v. Sepúlveda, 102 F.3d 1313, 1316 (1st Cir. 1996) (there being no indication that an empty apartment was used for any other purpose other than the distribution of drugs, it is only a short step to suppose that those present in the otherwise vacant apartment were probably drug dealers or purchasers); United States v. Fontalvo, 2008 WL 1994817 (D.R.I.) (even when direct evidence of knowledge is absent, if the evidence links defendant to packages containing substantial amounts of heroin, probable cause is established).

The Government moved for detention pending trial under 18 U.S.C. § 3142(f)(1) and (f)(2). None of the Defendants presented arguments or evidence in favor of conditions of release. Defendants will remain detained pending trial. Orders of detention to follow.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 1st day of December 2022.

    s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge

---

[1] Agent Cardona clarified that the affidavit contained a typo in the first sentence of paragraph 4 where it stated that the facts of the case occurred on November 11, 2022 and it should have said November 10, 2022. The Court notes that there is an additional typo in the affidavit; the date of the oath was November 10, 2022; not November 10, 2020.